UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X    NOT FOR PUBLICATION
LE METRO HOUSING CORP.,

                Petitioner,

                                                                           **REMAND ORDER**

      - against -                                                     13-CV-5010 (RRM)

CHRISTINE BORCSIK & THOMAS MITCHELL,
JANE DOE & JOHN DOE,

                Respondents.
---------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

      On September 9, 2013, Christine Borcsik, appearing *pro se*, filed a notice seeking to remove a civil proceeding filed in the Civil Court of the City of New York, County of Kings, Index No. 088533/13, titled "Petition Holdover" which seeks possession of the premises located at 250 Park Place, Apartment 3B, Brooklyn, New York 11238. Borcsik paid the statutory filing fee to commence this action. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c).

      "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Consistent with this principle, 28 U.S.C. § 1441, which sets forth the criteria for removing a civil action from state court to federal court, allows defendants to remove civil actions over which the federal courts have "original jurisdiction." 28 U.S.C. § 1441(a). In other words, a claim brought in state court may be removed to federal court only if it could have been filed originally in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485

(2d Cir. 1998). "Absent diversity of citizenship, federal-question jurisdiction is required" to remove a civil case from state to federal court, and federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The burden is on the removing party to prove that it has met the requirements for removal." *Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, it is clear that removal is improper. LE Metro Housing has sued Borcsik in state court seeking possession of an apartment in Brooklyn. (*see* Notice of Removal (Doc. No. 1) at 5–9 (ECF Pagination).) There does not appear to be any diversity of citizenship, and LE Metro Housing does not allege any federal claims in its complaint. Rather, Borcsik claims that the Court has jurisdiction pursuant to the Fair Housing Act and the Civil Rights Act of 1968. (*See id.* at 1.) However, Borcsik's assertion of constitutional or federal statutory claims in response to the state court proceeding is insufficient to invoke the federal court's jurisdiction where original jurisdiction is lacking. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim."); *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach."); *Citibank, N.A. v. Swiatkoski*, 395 F.Supp.2d 5, 9 (E.D.N.Y. 2005) (citations omitted) ("a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court . . .. Federal question jurisdiction is not so easily invoked."). Quite simply, on the face of LE Metro Housing's state court complaint, this case

appears to be a landlord-tenant dispute arising solely under state law. Accordingly, this Court lacks subject matter jurisdiction over this case and it must be remanded to state court.[1]

## CONCLUSION

For the foregoing reasons, this action is hereby remanded to the Civil Court of the City of New York, County of Kings, Index No. 088533/13. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Civil Court of the City of New York, County of Kings, Index No.088533/13, and to close the case in this Court. 28 U.S.C. § 1447(c). The Clerk of Court is further directed to send a copy of this Order to defendants Borcsik and Mitchell at the addresses listed for them on the docket.

SO ORDERED.

Dated: Brooklyn, New York
November 1, 2013

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Thomas Mitchell is also named as a defendant in the underlying state court action. However, according to Borcsik, Mitchell is in the Netherlands and has not been served, but would nevertheless consent to removal. (Notice of Removal at 1.) Given the fact that no federal question is presented on the face of the underlying state court complaint, whether Mitchell has been served and whether Mitchell consents to removal are irrelevant. The Court lacks subject matter jurisdiction over this dispute regardless of Mitchell's status. Thus, this case must be remanded.